IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY MONTOYA,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00812-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 4, 7.) On July 19, 2016, Ms. Montoya filed her complaint and an application to proceed in forma pauperis. (ECF No. 1.) Ms. Montoya's Complaint alleges that Postmaster Renee Kern and Postmaster General Megan Brennen violated various federal statutes. (*See* ECF No. 3.) The matter is presently before the court on sua sponte review pursuant to 28 U.S.C. § 1915.

## I. **Ms. Montoya's claim should be dismissed because it lacks sufficient factual matter to support a claim and does not allege that any party is a Utah citizen or that any act alleged in the Complaint occurred in this District.**

Ms. Montoya's Complaint should be dismissed for two reasons. First, the Complaint does not allege sufficient factual matter to support any claim. Second, the few details alleged in the Complaint demonstrate the court is not the proper venue.

### a. Ms. Montoya's complaint is devoid of factual detail

Ms. Montoya does not allege any facts that could support her statutory claims. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). While a pro se complaint must be construed liberally, a court must avoid acting as an advocate for a pro se litigant. *Id.*

Ms. Montoya's complaint is remarkable for its lack of detail. Ms. Montoya recites several legal standards and constitutional principles, but sets forth almost no facts regarding this case. The only factual allegation that appears relevant to this case states: "Mrs. Renee Kern, Postmaster at the Rocky Ford Post Office, has a higher threshold than La Junta, Las Animas, [and] Pueblo Post Offices they [sic] just require one time showing of post office holder of mail box." (ECF No. 3 at 4). This allegation does not state any viable claim and Ms. Montoya's other unrelated allegations (including her thoughts on the cause of high utility bills in Colorado) do not provide the court or defendants with sufficient notice of her claims.

### b. Additionally, the Complaint should be dismissed because Ms. Montoya does not allege the District of Utah has any connection to the events and parties described in the Complaint and the claims alleged are not likely to have merit

#### 1. *Ms. Montoya's Complaint suffers an obvious defect*

Ms. Montoya affirmatively alleges that all parties are citizens of states other than Utah and she suggests all relevant events occurred outside of this District. Section 1915 allows the court the "unusual power" to pierce the complaint's factual allegations to consider whether a complaint should be dismissed on the basis of an affirmative defense such as lack of personal jurisdiction or improper venue. *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) Yet

the court may do so "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* at 1217. Here, the defect is obvious. Ms. Montoya alleges that she and Defendant Kern both reside in Rocky Ford, Colorado, and Defendant Brennen resides in Washington D.C. Likewise, the single factual allegation, as best as the court can tell, relates to conduct in Colorado. This raises several questions about personal jurisdiction and venue.

### 2. Ms. Montoya may not bring an action in the District of Utah

Ordinarily, claims against the United States may be brought in a judicial district where a defendant resides, a substantial part of the events giving rise to the claim occurred, or where the plaintiff resides so long as no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1). Additionally, while Ms. Montoya does not expressly invoke the Federal Tort Claims Act, any such claims brought against the United States may only be prosecuted in the judicial district where the plaintiff resides. *See* 28 U.S.C.A. § 1402. Here, Ms. Montoya alleges she resides in Rocky Ford, Colorado. (ECF No. 3 at 1). She alleges Defendants reside in Colorado and Washington D.C. (*Id.* at 2). The only discernable factual allegation relates to conduct in Colorado. Accordingly, Ms. Montoya may not bring her action in the District of Utah because this District does not include Colorado or Washington D.C. within its boundaries. Likewise, Ms. Montoya's Complaint does not suggest the District of Utah has any connection to the events alleged therein or to the parties.

### 3. Dismissal, rather than transfer, is appropriate because the Complaint does not allege any viable cause of action

"The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought. 28 U.S.C. § 1406. The court must explicitly consider whether dismissal

3

or transfer best serves the interests of justice, and provide reasons before dismissing a case. *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). The court considers whether a new action would be barred by a statute of limitations if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Young v. State Gov't of Oklahoma*, 98 F. App'x 760, 763–64 (10th Cir. 2004).

Following the Tenth Circuit's reasoning in *Young*, the court concludes this action should be dismissed. The *Young* court concluded that a pro se action should be dismissed rather than transferred where the plaintiff's complaint was unlikely to have merit and where he should have been aware that the parties the plaintiff attempted to sue had little or no contact with the chosen forum. *See id.* In that circumstance, the Tenth Circuit concluded it need not examine whether a refiled action would be time barred.

### A. *The claims are not likely to have merit*

Here, the court finds Ms. Montoya's action is unlikely to have merit. First, as noted above, her Complaint lacks sufficient factual detail to state a viable claim. *See supra* Part I.a. Also, Ms. Montoya's references to various federal statutes suggest her claims suffer additional defects. First, with regard to her § 1983 claim, Ms. Montoya fails to allege any defendant acted under color of state law. Section 1983 created federal civil liability for those who violate a plaintiff's federal rights while acting "under color of state" law. 42 U.S.C. § 1983; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). "The 'under color of state law' requirement is 'a jurisdictional requisite for a § 1983 action,'" *Jojola* at 492. Ms. Montoya does not allege any facts that could be interpreted to suggest state action here. This jurisdictional requirement is further put in doubt because all defendants appear to be federal actors.

Next, as to her claim under the Age Discrimination in Employment Act ("ADEA"), Ms. Montoya has not alleged that she applied to, or is an employee of, the federal government, or that she complied with the administrative prerequisites such a claim. *See* 29 U.S.C. § 633a (stating the ADEA applies to "personnel actions affecting employees or applicants for employment" and providing that "no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action."). Accordingly, the statute Ms. Montoya invokes does not protect her, and she fails to allege facts that could suggest any claim under the ADEA would be ripe.

Third, as to her claim under the Americans with Disabilities Act, Ms. Montoya invokes 42 U.S.C. § 12131, which does not apply to federal government entities. *See Zingher v. Yacavone*, 30 F. Supp. 2d 446, 452 (D. Vt. 1997), *aff'd sub nom. Zingher v. Vermont Div. of Vocational Rehab.*, 165 F.3d 1015 (2d Cir. 1999) ("The language of the statute does not include federal executive agencies nor their secretaries as 'public entities.'"). Thus, the claim is deficient because it is asserted against entities not bound by the provision cited. Accordingly, each of Ms. Montoya's claims lacks merit.

> B. *The facts alleged in the complaint clearly demonstrate this case should not have been filed in the District of Utah*

Moreover, the court finds Ms. Montoya should have known the parties she attempted to sue had little or no contact with the state of Utah. She alleges that all parties reside outside of Utah and the only description of any conduct relates to Defendant's Kern's operation of the post office in Rocky Ford, Colorado. (*See* ECF No. 3 at 4). Not a single fact alleged suggests this case, Defendants, or even Ms. Montoya, has any connection to Utah. Thus, the court finds dismissal, rather than transfer, appropriate in this case.

## **RECOMMENDATION**

Based on the foregoing, the court **RECOMMENDS** the District Court **DISMISS** this action without prejudice to refiling in an appropriate jurisdiction.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 28th day of February 2017.        By the Court:

_____
Dustin B. Pead
United States Magistrate Judge